IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
1:08CV13-03-MU

| | |
|---|---|
| DANNY RAY BRIDGES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEITH BYERS; CHAD MURRAY; KELLY ) <br> ALDRIDGE; JOHN DOES ) <br> ) <br> Defendant. ) <br> _____) | **O R D E R** |

**THIS MATTER** comes before the Court on the Plaintiff's Complaint which included a request for the appointment of counsel. On January 7, 2008, Plaintiff, a prisoner housed in the Lincoln Correction Center, filed a pro se Complaint under 42 U.S.C. § 1983 alleging that on January 9, 2005 he was arrested by Rutherford County Sheriff's Deputies Chad Murray and Kelly Aldridge. Plaintiff further alleges that during such arrest both deputies beat him in the face with a heavy flashlight or a baton and lifted him off the ground by his handcuffs, causing him actual injuries including permanent disfigurement and permanent disability. Plaintiff also names an unspecified number of John Does as defendants, claiming that they refused him medical treatment at the jail despite his request for treatment. Finally, Plaintiff names Keith Byers, former Sheriff of Rutherford County alleging that Mr. Byers failed to adequately train and supervise his employees.

1

First, appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Court does not construe this as a complex case and notes that the Plaintiff is adequately representing himself.

Next, Plaintiff's claim against Mr. Keith Byers, former Sheriff of Rutherford County, will be dismissed. Plaintiff's theory of liability is supervisory liability or respondeat superior. The doctrine of respondeat superior generally is inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Furthermore, the only theory upon which to attach supervisory liability to Mr. Byers, then, is if Mr. Byers acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Here, there is no allegation that Mr. Byers had knowledge of any "pervasive, unreasonable risk of harm". The allegations in the Complaint of assault and deliberate indifference to Plaintiff's medical needs simply do not establish that Mr. Byers knew of any unreasonable risk to Plaintiff. Therefore, Plaintiff has failed to state a claim against Mr. Byers and Mr. Byers will be dismissed from this action.

Finally, with respect to his claim that an unspecified number John Does failed to provide

him medical treatment despite his request for them to do so, Plaintiff does not provide this Court with enough information to ascertain the names of the John Does named in his Complaint. Without such information, John Doe defendants cannot be served with process or directed to respond to the allegations in Plaintiff's Complaint. Plaintiff is therefore directed to provide the specific dates and times, or time frame, and time of day that he requested and was denied medical treatment and any other information which could help determine the names of the jail employees who allegedly refused medical treatment to the Plaintiff. Furthermore, inasmuch as Plaintiff contends that he was arrested in Rutherford County, the Court presumes Plaintiff was denied medical care at the Rutherford County Jail. However, since Plaintiff did not specify the name of the facility where he was housed when he allegedly was denied medical treatment, Plaintiff is also directed to provide that information to the Court

THEREFORE, IT IS HEREBY ORDERED that:

(1) Plaintiff's request for the appointment of counsel (contained in his Complaint) is denied;

(2) Keith Byers is dismissed from this case for Plaintiff's failure to state a claim for relief against him and the Clerk is directed to strike Keith Byers' name from the caption of this case; and

(3) Plaintiff is directed to provide specific dates and times, or the time frame, including the time of day, that he requested and was denied medical treatment, and the name of the facility where he was housed when he allegedly was denied medical treatment. Plaintiff shall provide such information within 20 days of the date of this Order. **Failure to provide such information will result in dismissal of this claim.**

**SO ORDERED**.

Signed: January 14, 2008

Graham C. Mullen
United States District Judge