IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV13-3-MU

DANNY RAY BRIDGES,                )
                                  )
         Plaintiff,               )
                                  )
    v.                            )
                                  )                **O R D E R**
CHAD MURRAY, et al.,              )
                                  )
         Defendant.               )
_____  )

**THIS MATTER** comes before the Court on Defendant Chadd Murray's Motion for Summary Judgment (Doc. No. 42); Plaintiff's response (Doc. No. 46); Defendant's reply (Doc. No. 47); Plaintiff's Motion for Leave to File Supplemental Material for Pending Motion (Doc. No. 48); and Defendant's response regarding supplemental material (Doc. No. 49). For the reasons stated herein, Plaintiff's Motion for Leave to File Supplemental Material is GRANTED and Defendant Chadd Murray's Motion for Summary Judgment is GRANTED.

On January 7, 2008 Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that on January 9, 2005 he was arrested by Rutherford County Sheriff's Deputies Chad Murray and Kelly Aldridge and that during such arrest both deputies beat him in the face with a heavy flashlight or a baton and lifted him off the ground by his handcuffs, causing him actual injuries including permanent disfigurement and permanent disability. (Doc. No. 1; Complaint at 3.)

Defendants Chadd Murray and Kelly Aldridge, both Rutherford County Sheriff's deputies at the time, answered the Complaint by admitting that Aldridge struck Plaintiff once in the face

1

with his fist in an effort to overcome his resistence to arrest, while denying the remaining allegations in their entirety. (Doc. No. 18; Answer ¶ 1.)

By Order dated October 2, 2008, this undersigned granted Plaintiff's Motion for the Appointment of Counsel and appointed Mayer Brown Rowe & Maw LLP to represent Plaintiff. (Doc. No. 35.)

**II. Summary Judgment Standard**

Summary Judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)).

**III. Discussion**

Plaintiff was deposed in prison on January 7, 2009. His deposition testimony directly contradicts the allegations contained in his Complaint. Indeed, Plaintiff unequivocally admitted that Deputy Murray did not strike him, did not participate in lifting him off the ground and used no force against him. Since these sworn admissions directly contradict, and indeed negate, the unsworn allegations of his Complaint, Defendant Murray is entitled to summary judgment as a matter of law. Specifically, Plaintiff testified as follows:

    Q.    While you're handcuffed on the ground you look over your right shoulder, you tell

            Murray don't shoot my dog?
A.     Please don't shoot the dog, yes, sir.
Q.     What happened then?
A.     That's when – what's –
Q.     Aldridge?
A.     Aldrige. That's when Aldridge struck me in the face with a foreign object.
Q.     What kind of foreign object?
A,     I'm not really sure. I can't say to be in fact exactly what it was. I just know it was an object.

(Pl's deposition, 46: 18 - 47: 5)

Q.     And at the time that you were struck by Aldridge with this object in the face as you described, was Murray in that same approximate area, about 10 to 15 feet away looking at the dog?
A.     Yes, sir.
Q.     Do you know – from where Murray was and what he was focusing his attention on, can you even tell if he saw Aldridge strike you in the face?
A.     I couldn't say for sure. No, sir, I can't.

(Pl's deposition 53: 25 - 54:8)

Q.     All right. What's the next thing you recall?
A.     Aldridge picking me by the handcuffs off the ground.

(Pl's deposition 52: 5-8)

Q.     Did that hurt?
A.     Yes, sir, it did.
Q.     All right. And is it your claim that that's how your left shoulder got injured?
A.     Yes, sir.

Q.     And when he pulled you up to your feet, where was Murray at this point?
A.     He's still about 10 or 15 foot away watching the dog.

(Pl's deposition 53: 6-9, 15-18)

Q.     So just to clarify, Murray never used any physical force on you that day. Did he?
A.     No, sir.
Q.     Murray didn't do anything to physically injure you, did he?
A.     No, sir.

(Pl's deposition 53: 19-24)

Plaintiff responds to Defendant Murray's motion by citing to the Defendants' deposition

transcripts. Contrary to Plaintiff's deposition testimony that Defendant Murray did not physically injure him and was 10 - 15 feet away from Plaintiff when Defendant Aldridge picked him up by the handcuffs, both Defendants testified that they acted together to lift Plaintiff to his feet after he was cuffed. (Aldridge Deposition71: 15 - 72: 7; Murray Deposition 111:18 - 112:20.) Plaintiff contends that Defendant Murray's testimony that he joined Aldridge in getting Plaintiff to his feet creates a genuine fact issue thus defeating summary judgment. Plaintiff concedes that he testified that "Aldridge jerked him to his feet without Murray's assistance", but asks this Court to bear in mind that "[Plaintiff] was testifying about events that took place moments after [he] had been struck in the head by a six-foot-five-inch, 250-pound man who used sufficient force to break and bloody [his] nose and who, according to Bridges, used an object that was black and about a foot long – quite possibly a flashlight." (Pl's Response, Doc. No. 46 at 5-6.)

The Court appreciates Plaintiff's suggestion that perhaps his deposition testimony is not completely clear because he was testifying about events which took place after being hit in the face by a large man with a heavy object, however, the Court cannot ignore the fact that Plaintiff very clearly testified that Defendant Murray did not use any physical force on him and did not physically injure him. (Plaintiff's deposition at 53, 19-24.) Indeed, Plaintiff testified that Murray was 10 to 15 feet away from him when Defendant Aldridge picked him up by the handcuffs. (Id., at 52 - 53.) If there is a factual dispute, it is the Plaintiff's "version of that in dispute" which is to be accepted. Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 233 (4th Cir. 1991). See also Daniell v. Old Line Life Ins. Co. Of America, 947 F. Supp. 910, 914 (E.D.N.C. 1996) ("When considering defendant's motion for summary judgment, the court must, take plaintiff's

4

version of the facts as true.") Because the plaintiff's version controls, a plaintiff cannot avoid summary judgment by weaving together inferences gleaned from the testimony of others in derogation of his own testimony.

> ". . . [W]e accept the nonmovant's version of the events when reviewing a decision on summary judgment. When the nonmovant has testified to events, we do not (as urged by Plaintiff's counsel) pick and choose bits from other witnesses' essentially incompatible accounts (in effect, declining to credit some of the nonmovant's own testimony) and then string together those portions of the record to form the story that we deem most helpful to the nonmovant. Instead, when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's version."

Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005). Even on a Rule 12(b)(6) motion to dismiss, where the court must liberally draw all reasonable inferences in the plaintiff's favor, the court is not free to ignore claims made by the plaintiff that "undermine" his cause of action. Slaney v. The Intern. Amateur Athletic Federation, 244 F.3d 580, 597 (7th Cir. 2001).

Plaintiff testified unequivocally that Defendant Murray did not strike him, did not yank him up off the ground and did not physically injure him at all. In fact, Plaintiff clearly testified that Defendant Murray was 10 - 15 feet away from him when Defendant Aldridge pulled him up to his feet. Plaintiff is "stuck with" his version of the facts as articulated in his deposition. Sullivan v. Satsuma, 2005 WL 2895983 (S.D. Ala.) citing Evans. Plaintiff's unambiguous deposition testimony exonerates Defendant Murray of any wrongdoing, therefore Defendant Murray is entitled to summary judgment as a matter of law and his Motion for Summary Judgment is GRANTED. Defendant Murray is dismissed from this case.

With respect to Plaintiff's motion to file supplemental material, Plaintiff asks this Court to allow in the Radiologist's Report of MRI of Plaintiff's shoulder. The Court grants Plaintiff's motion and will allow the report. The Court notes that such report indicated a "[f]ull thickness

rotator cuff tear." Plaintiff contends that he "has now established by independent medical examination that his left shoulder was, indeed, seriously injured at the hands of the defendants." (Doc. No. 48; Motion at 2.) The Court will allow the evidence but notes that it does not establish what Plaintiff contends. Instead the MRI establishes nothing more than that Plaintiff has a rotator cuff injury. Such report does not show, when or by whom the injury likely occurred. In any event, the MRI report is now part of the record and Plaintiff's motion is granted.

**IV. Order**

    **IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion for Leave to File Supplemental Material for Pending Motion" (Doc. No. 48) is GRANTED and Defendant's "Motion for Summary Judgment by Defendant Chadd Murray" (Doc. No. 42) is GRANTED. Defendant Chadd Murray is dismissed from this case.

**SO ORDERED**.

Signed: March 24, 2009

Graham C. Mullen
United States District Judge